**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

**LAW OFFICE OF MOSELEY C. COLLINS, III**
MOSELEY C. COLLINS, III, State Bar #92460
1700 Carnegie Way
El Dorado Hills, CA 95762
Telephone: (916) 444-4444

Attorneys for Plaintiffs

**LONGYEAR, O'DEA & LAVRA, LLP**
VAN LONGYEAR, SBN 84189
PETER C. ZILAFF, SBN 272658
3620 American River Drive, Suite 230
Sacramento, California 95864-5923
Tel: 916-974-8500 Fax: 916-974-8510

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Estate of JOHNATHAN ROSE, deceased, by and through his parents THEODORE MILTON ROSE and KAREN ROSE, as successors in interest; THEODORE MILTON ROSE, Individually; and KAREN ROSE, individually.<br><br>            Plaintiffs,<br><br>     vs.<br><br>COUNTY OF SACRAMENTO; Sacramento County Sheriff SCOTT JONES; Sacramento County Sheriff's Department Deputy DAVID McENTIRE (Badge # 1356); and DOES 1 through 10, inclusive,<br><br>            Defendants.<br>_____/ | Case No.:  **NO. 2:13-CV-01339-TLN-EFB**<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by, among and between the parties to the above-captioned action through their counsel of record, that the documents described herein may be designated as "Confidential" and produced subject to the following Protective Order:

1. Categories of documents described as follows:

    (a) **Documents** identified in County of Sacramento's FRCP (a)(1)(b) Rule 26 Disclosure.

    (b) **Documents** which reference any **Internal Affairs investigation** into the **incident**.

    (c) **Documents** which reference any officer involved shooting report or investigation into the **incident**.

    (d) **Documents** which reference any officer involved Shooting report or investigation pertaining to the incident.

    (e) Intra-departmental correspondence which references any Internal Affairs investigation into the **incident**, including any correspondence titled or comprising a "Case Summary."

    (f) Intra-departmental correspondence which references any officer involved shooting report or investigation pertaining to the **incident**, including any correspondence titled or comprising a "Case Summary."

2. The disclosed documents shall be used solely in connection with the civil action of *Rose v. County of Sacramento, et al.,* E.D. Cal. Case No. 2:13-cv-1339-TLN-EFB. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this action, including trial.

3. A party may only designate as "Confidential" a document which it has determined in good faith to be: (a) confidential or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, such that third parties would be required to maintain the information in confidence. By designating a document or portion thereof as "Confidential," the party making the designation avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that document or portion thereof under Federal Rule of Civil Procedure 26 and Eastern

District of California Local Rule 141.1.

4. A party producing the documents described herein may designate those documents as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record. If any confidential documents cannot be labeled with this marking, those documents shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

5. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the document in question shall continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

6. Documents designated under this Protective Order as "Confidential" may be disclosed only to the following persons:

    (a) All counsel of record and attorneys in the offices of counsel for any of the Defendants in this action;

    (b) All counsel of record, and attorneys in the offices of counsel for Plaintiffs in this action;

    (c) Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

    (d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of this action;

    (e) Any expert, consultant or investigator retained in connection with this action;

    (f) The parties to this action;

    (g) The finder of fact at the time of trial, subject to the Court's ruling on in limine

motions and objections of counsel; and

      (h)    Witnesses during their depositions in this action.

7. Prior to the disclosure of any Confidential documents to any person identified in Paragraph 6, each such recipient of Confidential documents shall be provided with a copy of this Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in *Rose v. County of Sacramento, et al.,* E.D. Cal. Case No. 2:13-cv-01339-TLN-EFB and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

8. The following procedures shall be utilized by the parties making copies of documents designated as "Confidential":

      (a)    The producing party shall provide one copy of the Confidential documents to the receiving party.

      (b)    The receiving party shall not furnish, disclose, or otherwise divulge any the Confidential documents to any source, except those persons identified in Paragraph 6 herein, without further order of the Court or authorization from counsel for the producing party.

      (c)    If any document designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter will be directed to bind those portions of the transcript that contain discussion of the contents of the Confidential documents separately. The cover of any portion of a deposition transcript that contains testimony or documentary evidence that has been designated Confidential, including exhibits designated as "Confidential," will be marked: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

9. Should any documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the documents under this Protective Order, the disclosing person(s) shall promptly: (a) inform the producing party of the recipient(s) and the

circumstances of the unauthorized disclosure, and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.  No document shall lose its Confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

10. The Confidential Material produced pursuant to his Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including account numbers); and (iv) in all circumstances when federal law requires redaction.  Each redaction must be identified by showing what information has been redacted (e.g. "social security number," etc.).  This provision complies with Eastern District Local rule 140.

11. If Plaintiffs or Defendants would like to use Confidential Material in Court filings, at least seven (7) days notice shall be given to all parties.   Plaintiffs and Defendants shall comply with the requirements of Eastern District local Rule 141, in the event that a party would like Confidential Material to be sealed. The Parties agree to jointly request that any request to seal or remove the designation of Confidential Information ~~may~~ be heard on shortened time and/or by telephone conference with a showing of good cause.  Any such request to shorten time shall comply with Local Rule 144(e).

12. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action.  In the event that any Confidential Material is used in any deposition or other proceeding in this action it shall not lose its confidential status through such use.  If any Confidential Material is used in a deposition then arrangements shall made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

13. This order is entered for the purpose of facilitating the exchange or documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality

of any such document.

14. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

15. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

16. After the conclusion of this litigation, all Confidential documents, in whatever form stored or reproduced, will remain confidential.  All documents produced pursuant to this Protective Order shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned.  All parties agree to ensure that Confidential documents disclosed to other persons shall be destroyed or returned to counsel for the producing party. "Conclusion" of this litigation means a termination of the action following a trial (and any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

IT IS SO STIPULATED.

Dated: June 23, 2014                LAW OFFICE OF STEWART KATZ

                                    By    /s/ Stewart Katz
                                          Stewart Katz (and on behalf of Moseley C. Collins, III)
                                          Attorneys for Plaintiffs

/////

/////

Dated:  June 23, 2014          LONGYEAR, O'DEA & LAVRA, LLP


                               By     /s/ Van Longyear
                                      Van Longyear
                                      Attorneys for Defendants

As modified, It is So Ordered.

DATED:  June 24, 2014.

                               _____
                               EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE