LAW OFFICE OF DALE K. GALIPO
DALE K. GALIPO, SBN 144074
MELANIE T. PARTOW, SBN 254843
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs


LAW OFFICE OF STEWART KATZ
STEWART KATZ, SBN 127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiffs

MOSELEY COLLINS LAW
A Professional Law Corporation
MOSELEY C. COLLINS, III, SBN 92460
1180 Iron Point Rd., Suite 180
Folsom, CA 95630
Telephone: (916) 444-4444

Attorneys for Plaintiffs

LONGYEAR, O'DEA & LAVRA, LLP
VAN LONGYEAR, SBN 84189
PETER C. ZILAFF, SBN 272658
3620 American River Drive, Suite 230
Sacramento, California 95864-5923
Telephone: (916) 974-8500
Facsimile:  (916) 974-8510

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

/ / /

/ / /

JOINT PRETRIAL STATEMENT                              1

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Estate of JOHNATHAN ROSE, deceased, by and through his parents THEODORE MILTON ROSE and KAREN ROSE, as successors in interest; THEODORE MILTON ROSE, Individually; and KAREN ROSE, individually.<br><br>          Plaintiffs,<br><br>  vs.<br><br>COUNTY OF SACRAMENTO and Sacramento County Sheriff's Department Deputy DAVID McENTIRE (Badge #1356),<br><br>          Defendants.<br>_____/ | NO. **2:13-CV-01339-TLN-EFB**<br><br>**JOINT PRETRIAL CONFERENCE STATEMENT**<br><br>Date:  July 13, 2017<br>Time:  2:00 p.m.<br>Ctrm:  2<br>Judge:  Hon. Troy L. Nunley<br><br>Trial Date: September 18, 2017 |

Pursuant to this Court's Pretrial Scheduling Order filed October 21, 2015 (ECF 11) as modified by this Court's Minute Order of May 2, 2016 (ECF 42) and Local Rule 281, the parties submit this Joint Pretrial Statement.

**I.**

**JURISDICTION AND VENUE**

The parties agree that subject matter jurisdiction is provided pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 since the events giving rise to this action took place in Sacramento, California.

## II.

## JURY – NON JURY

Plaintiffs and defendants demanded a jury trial and a right to a jury trial is not contested.

## III.

## UNDISPUTED FACTS

### A. CORE UNDISPUTED FACTS COMMON TO ALL CLAIMS

1. Deputy McEntire was a deputy employed by Sacramento County Sheriff's Department on January 17, 2012.

2. Deputy McEntire was acting within the course and scope of his employment as a Deputy Sheriff of the Sacramento County Sheriff's Department and at all relevant times Deputy McEntire was operating under color of law.

### B. UNDISPUTED CORE FACTS RELEVANT TO EACH CLAIM

**Facts relevant to the First Claim for Excessive Force/Unreasonable Seizure against Deputy McEntire and Fifth Claim for Battery by Peace Officer against Deputy McEntire and County of Sacramento.**

3. Deputy McEntire struck Johnathan Rose on the head with his flashlight.

4. Deputy McEntire shot Johnathan Rose three times.

5. Johnathan Rose died from his gunshot wounds.

6. Johnathan Rose suffered conscious pain and suffering from his injuries.

**Facts relevant to the Second Claim for Substantive Due Process - Loss of Family Relationships against Deputy McEntire.**

7. Plaintiff Theodore Milton Rose (Hereinafter "Ted Rose") was Johnathan Rose's father; and Karen Rose was Johnathan Rose's mother.

**Facts relevant to the Sixth Claim for Unreasonable Search and Unlawful Detention against Deputy McEntire.**

8. Deputy McEntire entered the Rose residence.

# IV.

# **DISPUTED FACTUAL ISSUES**

The parties disagree as to the disputed factual issues.

**Plaintiffs' position regarding Disputed Issues of Fact:**

Plaintiffs contend that the disputed facts are as follows:

DISPUTED FACTS COMMON TO ALL CLAIMS

1. Whether Plaintiffs are entitled to compensatory damages.

2. What are plaintiffs' damages?

    A. What is the value of Johnathan's pre-mortem physical pain and suffering?

    B. What is the value of the loss of Johnathan's society, comfort and companionship to his father and mother since Johnathan's death and in the future?

    C. What are plaintiffs' future general damages?

    D. What expenses attended Johnathan's funeral?

DISPUTED FACTS RELEVANT TO EACH CLAIM

Claim for punitive damages:

3. Whether Plaintiffs are entitled to an award of punitive damages against Deputy McEntire.

4. Did plaintiffs show that defendants' conduct was malicious, reckless, and/or accomplished with a conscious disregard of Johnathan's rights?

5. What amount, if any, is an appropriate award of punitive damages?

First Claim: Excessive Force/Unreasonable Seizure against Deputy McEntire

6. Was Deputy McEntire's use of deadly force reasonable?

    A. What is the value of Johnathan's pre-mortem physical pain and suffering?

    B. What expenses attended Johnathan's funeral?

    C. What is the value of Johnathan's loss of life and loss of enjoyment of life?

Second Claim: Substantive Due Process - Loss of Family Relationships

7. Did Deputy McEntire's use of deadly force unlawfully deprive Johnathan's parents of their family relationship with their son?

8. What damages did Ted and Karen Rose suffer as a result of the death of their son?

    A. What is the value of the loss of Johnathan's love, companionship, comfort, care, assistance, protection, affection, society and moral support to his father and mother since Johnathan's death?

    B. What is the value of the loss of Johnathan's love, companionship, comfort, care, assistance, protection, affection, society and moral support to his father and mother in the future?

    C. What expenses attended Johnathan's funeral?

Fifth Claim: Wrongful Death

9. Whether Deputy McEntire is liable for battery.

10. Did Deputy McEntire use unreasonable force to detain Johnathan, constituting a substantial factor in causing Johnathan's injuries and death?

11. Was Deputy McEntire's use of force unreasonable in light of the totality of circumstances, breaching his duty of care, and proximately causing Johnathan's death?

12. Were Deputy McEntire's pre-shooting tactics unreasonable in light of the totality of circumstances, breaching his duty of care, and proximately causing Johnathan's death?

13. Are the other defendants vicariously liable for Deputy McEntire's conduct?

14. What damages did Ted and Karen Rose suffer as a result of the death of their son?

    A. What is the value of the loss of Johnathan's love, companionship, comfort, care, assistance, protection, affection, society and moral support to his father and mother since Johnathan's death?

    B. What is the value of the loss of Johnathan's love, companionship,

comfort, care, assistance, protection, affection, society and moral support to his father and mother in the future?

   C. What expenses attended Johnathan's funeral?

 Sixth Claim: Unreasonable Search/Unlawful Detention

 15. Whether Deputy McEntire is liable for a violation of the Fourth Amendment for unlawful entry and/or for the unlawful scope and manner of the detention.

 16. Did Deputy McEntire have consent to enter into the Rose's home?

 17. Was Deputy McEntire's entry into the Rose's home compelled by exigent circumstances?

 18. Was the scope of McEntire's search, including the manner in which it was carried out, consistent with the purpose of the entry into the home?

 19. What were Johnathan's damages owing to any unlawful search/unlawful detention?

**Defendants' position regarding Disputed Issues of Fact:**

Defendants contend that the following issues are in dispute:

**A.** **DISPUTED FACTS COMMON TO ALL CLAIMS**

1. Whether Plaintiffs are entitled to compensatory damages.

2. Whether Plaintiffs are entitled to an award of punitive damages against Deputy McEntire.

3. Whether Deputy McEntire is entitled to qualified immunity.

**B.** **DISPUTED FACTS RELEVANT TO EACH CLAIM**

**Disputed Facts relevant to the First Claim for Excessive Force/Unreasonable Seizure against Deputy McEntire and Fifth Claim for Battery by Peace Officer against Deputy McEntire and County of Sacramento.[1]**

4. Whether Deputy McEntire's use of force was reasonable.

**Disputed Facts relevant to the Second Claim for Substantive Due Process - Loss of**

---

[1] Defendants' dispute Plaintiffs' assertion that a state claim of negligence was pled in the Complaint.

JOINT PRETRIAL STATEMENT   6

**Family Relationships against Deputy McEntire.**

5. Whether Deputy McEntire's use of deadly force unlawfully deprived Plaintiffs of their family relationship with Johnathan Rose.

**Disputed Facts relevant to the Sixth Claim for Unreasonable Search against Deputy McEntire.**

6. Whether Deputy McEntire is liable for a violation of the Fourth Amendment for unlawful entry.

7. Whether Deputy McEntire had consent to enter the Rose residence.

8. Whether Deputy McEntire was entitled to enter the Rose residence to perform a welfare check.

## V.

## DISPUTED EVIDENTIARY ISSUES

**Plaintiffs anticipate filing motions in limine on the following subjects:**

1. Facts of which Deputy McEntire was unaware, including:
   a. Decedent's interest in martial arts;
   b. Decedent's physical regimen or logs of such activity;
   c. Prior contacts or incidents involving plaintiffs, decedent, and law enforcement.

2. Deputy McEntire's testimony that decedent's brother Teddy Rose made a comment absolving Deputy McEntire of blame for decedent's death.

3. Evidence of a prior incident in which the decedent had an altercation with his father.

4. Evidence of defendant's explanations for delay in dispatch or the dispatch of a single officer.

5. Evidence that Deputy McEntire was in a motor vehicle accident shortly before the incident.

6. Evidence Deputy McEntire suffered a TMJ injury as a result of the incident, or any other condition regarding which defendants failed to disclose medical documentation

JOINT PRETRIAL STATEMENT            7

in support.

7. Testimony from witness Powers, based on Rules 601 and 602 of the Federal Rules of Evidence.

8. Testimony from other Deputies regarding their opinion that the shooting was justified.

**Defendants anticipate motions in limine on the following subjects:**

1. Various opinions and statements by Plaintiff's expert witnesses.
2. Evidence and/or argument relating to the dispatch of only one officer.
3. Evidence and/or argument relating to Deputy McEntire's Internal Affairs history.
4. Various photographs of decedent Johnathan Rose.
5. Testimony of Plaintiff's non-retained experts regarding mental health care of decedent Johnathan Rose.

## VI.

## SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS

In tort actions for personal injury, wrongful death or property damage:

**(A)**

1. Date: January 17, 2012

2. Place: Johnathan Rose was declared dead at Mercy San Juan Hospital, in Carmichael, California, after being shot at his parents' home in North Highlands, California, in the County of Sacramento.

3. General nature of the incident: Deputy Sheriff David McEntire shot and killed Johnathan Rose.

4. The particular acts, omissions, or conditions constituting the basis for liability: state law wrongful death claim based on battery and/or negligence by McEntire.

5. The particular acts, omissions or conditions constituting the basis of any defense: Defendants contend that Deputy McEntire was given consent to enter the Rose residence and/or entered to perform a welfare check. Defendants contend that Johnathan Rose attacked Deputy McEntire in violation of various state laws. Defendants contend that

Deputy McEntire reasonably believed that Johnathan Rose posed an imminent and immediate threat to his safety and life and was therefore justified in the use of deadly force, and acted reasonably under the totality of the circumstances.

6. Any statute, ordinance, or regulation violated by either party: Plaintiffs contend Deputy McEntire's conduct violated the Fourth Amendment of the United States Constitution and comprised a violation of 42 U.S.C. § 1983, deprivation of federal rights under color of state law. Defendants contend Johnathan Rose violated Penal Code §§ 69, 243(b) & (c).

7. The applicability of the doctrine of strict liability or res ipsa loquitur: Not applicable.

**(B)**

1. Age: DOB: 2/16/87 (24 on date of death)

2. Injuries sustained: Johnathan sustained blows on his person administered by Deputy McEntire with his flashlight wielded as a club, which forced Johnathan's head into the wall, damaging the wall, and other blows, and three gunshot wounds that resulted in Johnathan's death after a period of physical conscious pain and suffering.

3. Any prior injury or condition worsened: None.

4. Periods of hospitalization: None.

5. Medical expenses: None claimed.

6. Estimated future medical expenses: None claimed.

7. The period of total and/or partial disability: Not applicable.

8. Annual, monthly, or weekly earnings before incident: None.

9. Earnings loss to date: None.

10. Estimated diminution of future earnings power; property damage; general damages; punitive damages.

    A. Loss of life, and loss of enjoyment of life, and pain and suffering before death, according to proof at trial.

    B. Plaintiffs also seek recovery for funeral and burial expenses and the

JOINT PRETRIAL STATEMENT                9

loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. See CACI 3921l According to proof at trial.

        C.     Plaintiffs also seek recovery for the future loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. See CACI 3921.  According to proof at trial.

        D.     Punitive damages: According to proof at trial.

## VII.

## RELIEF SOUGHT

Plaintiffs seek an award of monetary damages to compensate Johnathan's parents as his successors in interest for the damages attributable to the unlawful entry detention, for Jonathan's loss of life, his loss of enjoyment of life, and for his pre-death pain and suffering. Plaintiffs also seek compensation as individuals on their own behalves for the loss of decedent's love, companionship, care, assistance, protection, affection, society, and moral support from his death to trial and in the future. See CACI 3921. Plaintiffs further seek punitive damages, as well as their costs and attorney's fees.

Defendants seek judgment in their favor and fees and costs.

## VIII.

## POINTS OF LAW

**Plaintiffs' Points of Law**:

**Claim 1:  Excessive Force (Survival Claim, Fourth Amendment).**

Deputy McEntire used excessive force against Johnathan in violation of his Fourth Amendment rights and 42 U.S.C. § 1983 when he clubbed him with a flashlight and when he shot and killed Johnathan.  At the time of the clubbing and the shots, Johnathan posed no immediate threat of death or serious bodily injury to anyone and had committed no crime. McEntire is required to justify every blow and every shot.

This claim is brought by Ted and Karen Rose, Johnathan's father and mother, as successors in interest and on behalf of Johnathan.  Plaintiffs seek survival damages, punitive damages and reasonable attorney's fees under this claim. *See Chaudhry v. City of Los*

JOINT PRETRIAL STATEMENT          10

1 | *Angeles*, 751 F.3d 1096, 1103-05 (9th Cir. 2014).

2 | Elements:

3 | 1. Deputy McEntire acted under color of law;

4 | 2. Deputy McEntire used excessive force against Johnathan;

5 | 3. The excessive force was a cause of Johnathan's death. See Ninth Circuit
6 | Manual of Model Jury Instructions, No. 9.23.

7 | **Claim 2: Unlawful Interference with Familial Relations.**

8 | The use of excessive deadly force against decedent violated the Fourteenth
9 | Amendment substantive due process rights of Plaintiffs Ted and Karen Rose to freedom
10 | from unlawful interference with their familial relationship with their son Johnathan.

11 | Elements:

12 | 1. Deputy McEntire's conduct in clubbing, shooting and killing Johnathan
13 | under these circumstances shocks the conscience.  "Whether the 'shocks the conscience
14 | standard' is met by showing that [Deputy McEntire] acted with deliberate indifference or
15 | requires a more demanding showing that he acted with a purpose to harm the decedent for
16 | reasons unrelated to legitimate law enforcement objective" depends on whether "the
17 | circumstances are such that 'actual deliberation was practical.'" *Porter v. Osborn*, 546 F.3d
18 | 1131, 1137 (9th Cir. 2008).  Plaintiffs contend that the evidence is that it was practical for
19 | Deputy McEntire to deliberate before using deadly force and that the deliberate indifference
20 | standard should apply.

21 | 2. Deputy McEntire's conduct in clubbing and shooting the decedent was a
22 | cause of the decedent's death and of Plaintiffs' damages.

23 | Plaintiffs seek wrongful death damages, punitive damages, and attorneys' fees.

24 | **Claim 5:    Wrongful Death Claim, State Law (battery/negligence).**

25 | Deputy McEntire acting under color of State law and in the course and scope of his
26 | employment used unreasonable force against Johnathan under the totality of the
27 | circumstances resulting in Johnathan's death when he clubbed then shot Johnathan three
28 | times, when Johnathan was unarmed and posed no immediate threat of death or serious

bodily injury, and Johnathan had committed no crime.

Deputy McEntire, acting under color of State law and in the course and scope of his employment, employed pre-shooting tactics that were unreasonable under the totality of the circumstances resulting in Johnathan's death, and used unreasonable force when Deputy McEntire clubbed then shot Johnathan three times, when Johnathan was unarmed and posed no immediate threat of death or serious bodily injury, and Johnathan had committed no crime, breaching his duty of due care and proximately causing Johnathan's death.

Plaintiffs allege that the County of Sacramento is vicariously liable for the wrongful death of their decedent under the Government Code.

This claim is brought by Ted and Karen Rose, Johnathan's father and mother, as successors in interest to his estate.  Plaintiffs seek wrongful death damages and reasonable attorney fees under this claim.  Plaintiffs also seek recovery for funeral and burial expenses and the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. See CACI 3921.

**Claim 6:** **Unlawful Search/Detention**.

Deputy McEntire entered the Rose premises without consent or without exigent circumstances, or, whether or not he had lawfully entered the home, he unreasonably seized Johnathan in the course of his search or other putative law enforcement activities. Plaintiffs contend that the scope and manner of the detention was unreasonable.

This claim is brought on behalf of Johnathan by Ted and Karen Rose as successors in interest.  Plaintiffs seek emotional distress damages and reasonable attorney fees under this claim.  Plaintiffs seek survival damages, punitive damages, and reasonable attorney's fees under this claim.

**Defendants' Points of Law**:

The parties agree that the County is not a proper defendant to the second claim for loss of familial relationship. The Court dismissed the County from the third claim under *Monell* for damages stemming from excessive force in its February 17, 2016 Order on Defendant's summary judgment motion. (ECF 38) "Where a claim for interference with

familial relationships is integrally predicated upon, or entwined with, other conduct that is alleged to be unconstitutional, a finding that the other conduct was constitutional generally will preclude recovery for interference with familial relationship." *Robbins v. City of Hanford*, 2006 U.S. Dist. LEXIS 44173, at *46-47 (E.D. Cal. 2006), citing *Gausvik v. Perez*, 392 F.3d 1006, 1008 (9th Cir. 2004).

Federal claims for excessive force are analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Under the Fourth Amendment, an officer may only use such force as is "objectively reasonable" under all of the circumstances. When judging the use of deadly force, a "standard of reasonableness at the moment applies." *Id*. at 396. "[O]fficers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. *Id*., citing *Graham*, at 396-97. The determination of reasonableness "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396.

The U.S. Supreme Court recently overruled the Ninth Circuit's "provocation rule" under the Fourth Amendment in *City of Los Angeles v. Mendez*, 137 S. Ct. 1539 (2017). The "provocation rule" held that an officer's otherwise reasonable and lawful defensive use of force was unreasonable as a matter of law if the officer intentionally or recklessly provided a violent response and the provocation was an independent connotational violation. The Court held such rule conflates excessive force claims with other Fourth Amendment claims. *Id.* at *60.

Plaintiffs are precluded from bringing a Fourteenth Amendment claim under the "more-specific-provision rule." Courts are reluctant to expand the concept of substantive due process. See *Lewis v. County of Sacramento*, 523 U.S. 833, 842 (1998). The "more-

specific-provision" rule requires that an Amendment that "provides an explicit textual source of constitutional protection against [a particular sort of] government conduct, that Amendment, not the generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham*, 490 U.S. at 395. The challenged government actions are the search of the home and intentional seizure, including use of force, and the analysis should proceed under the Fourth Amendment. *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989).

In general, a search of a residence is unreasonable under the Fourth Amendment if the search is not authorized by a search warrant. It is a well-settled exception to the warrant requirement that an "individual may waive his Fourth Amendment rights by giving voluntary and intelligent consent to a warrantless search of his person, property, or premises." *United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir. 2000); *see also Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996). A plaintiff alleging a § 1983 claim based on an unreasonable search in violation of the Fourth Amendment has the burden of proving an asserted exception to the warrant requirement did not apply. *Larez v. Holcomb*, 16 F.3d 1513, 1517-18 (9th Cir.1994); *see also Pavao v. Pagay*, 307 F.3d 915, 919 (9th Cir.2002) (reaffirming that plaintiff in § 1983 action "carries the ultimate burden of establishing each element of his or her claim, including lack of consent [to search]"). Regardless of whether consent to enter is provided, an officer is entitled to search a residence to perform a welfare check pursuant to the emergency exception. See *Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009).

California Penal Code section 835a states: "Any peace officer, who has reasonable cause to believe that the person to be arrested has committed a public offense, may use reasonable force to affect the arrest, to prevent escape or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested; nor shall such officer be deemed an aggressor or lose his right to self-defense by the use of reasonable force to affect the arrest or to prevent escape or to overcome resistance." California Penal

Code section 834a states: "If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest." A plaintiff bringing a battery action against a police officer has the burden of proving unreasonable force as an element of the tort. *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272, 74 Cal. Rptr. 2d 614 (1998).

A public entity is not liable for punitive damages for state causes of action pursuant to California Government Code § 818. A public entity is also immune from a claim of punitive damages in a 42 U.S.C. § 1983 action. *City of Newport v. Fact Concerts, Incorporated*, 453 U.S. 247, 271 (1981).

## IX.
## ABANDONED ISSUES

Pursuant to stipulation (ECF 26), Plaintiffs' Fifth Claim parts a (negligent training and supervision) & b (failure to provide emergency medical care), and the Fourth Claim for Relief were dismissed, and Plaintiffs abandoned any claims against Sheriff Jones in his individual capacity.

## X.
## WITNESSES

See Plaintiffs' Witness List, attached as Exhibit A.

See Defendant's Witness List, attached as Exhibit B.

## XI.
## EXHIBITS – SCHEDULES AND SUMMARIES

See Plaintiffs' Exhibit List, attached as Exhibit C.

See Defendant's Exhibit List, attached as Exhibit D.

## XII.
## DISCOVERY DOCUMENTS

See Plaintiffs' Discovery Documents List, attached as Exhibit E.

## XIII.
## FURTHER DISCOVERY OR MOTIONS

None.

## XIV.
## STIPULATIONS

The parties agree that the County is not a proper defendant to the second claim for loss of familial relationship based on the Court's grant of summary judgment for the County on the Complaint's only *Monell* claim.

In accordance with the parties January 1, 2015 stipulation (ECF 25), the Court dismissed with prejudice the following claims on January 15, 2015 (ECF 26):

1. The state law- wrongful death claim for denial of emergency medical care based upon California Government Code § 845.6 (Fifth Claim for Relief, part b.)

2. The state law- wrongful death claim based upon negligent supervision, training, hiring and retention (Fifth Claim for Relief, part a.)

3. The Fourth Claim for Relief for supervisory liability

4. All claims against Sheriff Scott Jones in his individual and official capacities.

## XV.
## AMENDMENTS – DISMISSALS

None.

## XVI.
## SETTLEMENT NEGOTIATIONS

There have been no formal settlement negotiations and Plaintiffs have made no demand.

Plaintiffs believe a settlement conference under Local Rule 270 could be helpful, provided it did not jeopardize the trial date.

## XVII.
## AGREED STATEMENTS

Not advisable.

# XVIII.
# SEPARATE TRIAL OF ISSUES

Not advisable.

# XIX.
# IMPARTIAL EXPERTS-LIMITATION AS TO EXPERTS

Not advisable.

# XX.
# ATTORNEY'S FEES

The parties will seek attorneys' fees if determined to be the prevailing party in this action. The parties will comply with Local Rule 293 to request attorneys' fees, if appropriate. The parties request that any award of costs pursuant to Local Rule 292 be made as part of the Court's consideration of an application for attorney's fees pursuant to Local Rule 293.

# XXI.
# TRIAL EXHIBITS

No special handling is necessary.

# XXII.
# TRIAL PROTECTIVE ORDER

No protective order is necessary.

# XXIII.
# MISCELLANEOUS

Plaintiffs wish to remind the Court that plaintiff Ted Rose, Johnathan's father, has been in and out of hospitalization this year, and has spent more time this year in the hospital than out. He is on dialysis. He has major cardiac problems. If the trial date is delayed again, he is unlikely to survive to see the trial and to be available as a live witness.

## XXIV.

## STATEMENT IDENTIFYING NON-DISCOVERY MOTIONS TENDERED AND RESOLUTION

Defendants filed a Motion for Summary Judgment directed to plaintiffs' Second and Third Causes of Action (ECF 24). This Court granted the motion with respect to the Third Claim for Relief but denied the motion with respect to the Second Claim for Relief. (ECF 38).

## XXV.

## JOINT STATEMENT OF THE CASE

This Court's Pretrial Scheduling Order (ECF 11) requires a Joint Statement of the Case.  The parties propose the following:

This case arises out of the fatal shooting of Johnathan Rose by Sacramento County Deputy Sheriff David McEntire, on January 17, 2012.  The plaintiffs are Johnathan Rose's parents, Ted and Karen Rose. The defendants are Sheriff's Deputy David McEntire and the County of Sacramento. The plaintiffs contend that Deputy McEntire used excessive and unreasonable force when he struck Johnathan Rose with a police flashlight and when he shot Johnathan Rose three times. Plaintiffs are seeking damages arising out of the death of their son. Defendants contend that Deputy McEntire's use of force was reasonable under the circumstances and deny all liability and dispute the nature and extent of damages.

Dated:  July 6, 2017            LAW OFFICE OF DALE K. GALIPO

                                By: /s/ Dale K. Galipo                         .
                                    Dale K. Galipo
                                    Melanie T. Partow
                                    Attorneys for Plaintiffs

Dated: July 6, 2017             LAW OFFICE OF STEWART KATZ


                                By: /s/  Stewart Katz                          .
                                    Stewart Katz
                                    Attorneys for Plaintiffs

Dated: July 6, 2017		LONGYEAR, O'DEA & LAVRA, LLP


			By: /s/ Peter C. Zilaff                              .
				Van Longyear
				Peter C. Zilaff
				Attorneys for Defendants

JOINT PRETRIAL STATEMENT		19