1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF JOHNATHAN ROSE,              No.  2:13-cv-01339-TLN-EFB
     deceased, by and through his parents
12   THEODORE MILTON ROSE and
     KAREN ROSE, as successors in interest;
13   THEODORE MILTON ROSE,                   **FINAL PRETRIAL ORDER**
     Individually; and KAREN ROSE,
14   Individually,                           TRIAL DATE:  September 18, 2017
                                             TIME: 9:00  a.m.
15                      Plaintiffs,

16        v.

17   COUNTY OF SACRAMENTO;
     Sacramento County Sheriff SCOTT
18   JONES; and Sacramento County Sheriff's
     Department Deputy DAVID McENTIRE[1]
19   (Badge #1356),
                         Defendants.
20

21

22        This Court held a Final Pretrial Conference on July 13, 2017.  Plaintiffs Estate of

23   Johnathan Rose, deceased, by and through his parents Theodore Milton Rose and Karen Rose, as

24   successors in interest, Theodore Milton Rose, individually; and Karen Rose, individually,

25   ("Plaintiffs") were represented by counsel Stewart Katz, counsel Dale Galipo appeared

26   telephonically.  Defendants County of Sacramento and David McEntire[1] ("Defendants") were

27   represented by counsel Dayton Longyear and Peter Zilaff.  After the hearing, the Court makes the

     _____

28   [1]    The parties stipulated to the dismissal with prejudice of Defendant Scott Jones, in his individual and official
     capacity, on January 15, 2015.

                                           1

following findings and orders:

## I.    JURISDICTION / VENUE

This action arises pursuant to 28 U.S.C.§§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 since the events giving rise to this action took place in Sacramento, California.

## II.    SETTLEMENT CONFERENCE

Plaintiffs believed a settlement conference would be helpful.  However, Defendants have stated that a settlement conference was unlikely to be helpful.  Thus, the Court declined to order a settlement conference.

## III.    JURY TRIAL

The parties have demanded a jury trial.  Accordingly, this matter shall be tried before a jury.  The Court shall empanel eight (8) jurors.

## IV.    UNDISPUTED FACTS

The parties do not dispute the following facts.

a.    Deputy McEntire was a deputy employed by Sacramento County Sheriff's Department on January 17, 2012.

b.    During the incident at issue, Deputy McEntire was acting within the course and scope of his employment as a Deputy Sheriff of the Sacramento County Sheriff's Department and at all relevant times Deputy McEntire was operating under color of law. Deputy McEntire struck Johnathan Rose on the head with his flashlight.

4.    Deputy McEntire shot Johnathan Rose three times.

5.    Johnathan Rose died from his gunshot wounds.

6.    Johnathan Rose suffered conscious pain and suffering from his injuries.

7.    Plaintiff Theodore Milton (Ted) Rose was Johnathan Rose's father; and Karen Rose was Johnathan Rose's mother.

## V.    DISPUTED FACTUAL ISSUES

a.    The parties dispute whether Plaintiffs are entitled to compensatory damages.

2

b.     The parties dispute what Plaintiffs' damages are.

c.     The parties dispute what the value of Johnathan's pre-mortem physical pain and suffering is.

d.     The parties dispute what damages Ted and Karen Rose suffered as a result of the death of their son and what the value of the loss of Johnathan's society, comfort and companionship to his father and mother is since Johnathan's death and in the future.

e.     The parties dispute what Plaintiffs' future general damages are.

f.     The parties dispute the amount of expenses for Johnathan's funeral.

g.     The parties dispute whether Plaintiffs are entitled to an award of punitive damages against Deputy McEntire and what amount, if any, is an appropriate award.

h.     The parties dispute if Plaintiffs have shown that Defendants' conduct was malicious, reckless, and/or accomplished with a conscious disregard of Johnathan's rights.

i.     The parties dispute whether Deputy McEntire's use of deadly force was reasonable.

j.     The parties dispute whether Deputy McEntire's use of deadly force unlawfully deprived Johnathan's parents of their familial relationship with their son.

k.     The parties dispute whether Deputy McEntire is liable for battery.

l.     The parties dispute whether Deputy McEntire used unreasonable force to detain Johnathan, constituting a substantial factor in causing Johnathan's injuries and death.

m.     The parties dispute whether Deputy McEntire's use of force was unreasonable in light of the totality of circumstances, breaching his duty of care, and proximately causing Johnathan's death.

n.     The parties dispute if Deputy McEntire's pre-shooting tactics were unreasonable in light of the totality of circumstances, breaching his duty of care, and proximately causing Johnathan's death.

o.     The parties dispute whether the other Defendants are vicariously liable for Deputy McEntire's conduct.

p.     The parties dispute whether Deputy McEntire is liable for a violation of the Fourth Amendment for unlawful entry and/or for the unlawful scope and manner of the detention.

3

q.      The parties dispute whether Deputy McEntire had consent to enter into the Rose's home.

r.      The parties dispute whether Deputy McEntire's entry into the Rose's home was compelled by exigent circumstances.

s.      The parties dispute whether Deputy McEntire was entitled to enter the Rose residence to perform a welfare check.

t.      The parties dispute whether the scope of McEntire's search, including the manner in which it was carried out, was consistent with the purpose of the entry into the home.

u.      The parties dispute what Johnathan's damages owing to any unlawful search/unlawful detention were.

v.      The parties dispute whether Deputy McEntire is entitled to qualified immunity.

w.      The parties dispute whether Plaintiffs state a claim of negligence in the Complaint.

## VI.      **DISPUTED EVIDENTIARY ISSUES**

a.      Plaintiff will seek to exclude facts about Plaintiffs and the decedent that Deputy McEntire was unaware of, including Decedent's interest in martial arts, Decedent's physical regimen or logs of activities, and prior contacts or incidents involving Plaintiffs, Decedent and law enforcement.

b.      Plaintiff will seek to exclude Deputy McEntire's testimony that Decedent's brother, Teddy Rose, made a comment absolving Deputy McEntire of blame for Decedent's death.

c.      Plaintiffs will seek to exclude evidence of a prior incident in which Decedent had an altercation with his father, evidence of Defendant's explanations for delay in dispatch or the dispatch of a single officer, evidence that Deputy McEntire was in a motor vehicle accident shortly before the incident, and evidence Deputy McEntire suffered a TMJ injury as a result of the incident, or any other condition for which Defendants failed to disclose supporting medical documentation to Plaintiffs.

d.      Plaintiffs will also seek to exclude testimony from witness Powers, based on Rules 601 and 602 of the Federal Rules of Evidence and testimony from other Deputies regarding their opinion that the shooting was justified.

4

e.      Plaintiffs will also seek to exclude five of Defendants' proposed witnesses on the grounds that Plaintiffs did not have notice of these witnesses prior to the pretrial conference.

f.      Defendants will seek to make motions in limine on the following subjects: various opinions and statements by Plaintiff's expert witnesses; evidence and/or argument relating to the dispatch of only one officer; evidence and/or argument relating to Deputy McEntire's Internal Affairs history; various photographs of decedent Johnathan Rose; and testimony of Plaintiff's non-retained experts regarding mental health care of Decedent, Johnathan Rose.

g.      Defendants will also seek to bifurcate the trial into two parts, one part as to whether Defendants are liable and a second part, if necessary, as to punitive damages.

## VI.   **WITNESSES**

The parties list the following prospective witnesses:

a.   Jerry Powers;

b.   Karen (DeeDee) Rose;

c.   Theodore Milton (Ted) Rose;

d.   Detective Brian Meux;

e.   Susan Lynn Craft;

f.   Mark Hatzenbuhler;

g.   Gregory Hanks;

h.   Deputy Matthew Owens;

i.   Chris Vestal;

j.   Ryan Maerklen;

k.   Lindy Culp;

l.   Deputy Jason Hicks;

m.   Catherine Muller;

n.   Deputy Robert French;

o.   Robert Tracy;

p.   Deputy Tim Pai;

q.   Sergeant Christopher Berg;

5

1      r.  Tamara Mickelson;

2      s.  Amber Lawrence;

3      t.  Heidi Hampton;

4      u.  Heather Emmons;

5      v.  John Lopes;

6      w. Detective Jeffrey Wallace;

7      x.  Tiffany Foisy;

8      y.  Stephanie E. Fiore, M.D.;

9      z.  Joe Callanan;

10     aa. Tiffany Rose;

11     bb. Theodore Alton (Teddy) Rose;

12     cc. Deputy David McEntire;

13     dd. Bennet I. Omalu, M.D.;

14     ee. John "Jack" Ryan;

15     ff.  Lance T. Martini;

16     gg. Lance W. Rossi, P.A.;

17     hh. Sherri Sumstine;

18     ii.  Pastor Al Flores;

19     jj.  Ed Crespo;

20     kk. Stephanie Haley; and

21     ll.  Shari Bonnard.

22     A.     No other witnesses will be permitted to testify unless: (1) the party offering the

23 witness demonstrates that the witness is for the purpose of rebutting evidence which could not be

24 reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the

25 Final Pretrial Conference and the proffering party makes the showing required in section B

26 below.

27     B.     Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform

28 the Court and opposing parties of the existence of the unlisted witnesses so that the Court may

1  consider at trial whether the witnesses shall be permitted to testify. The evidence will not be

2  permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial;

3  (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if

4  time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a

5  reasonable summary of the witnesses' testimony was provided by opposing counsel.

6  **VII.    EXHIBITS-SCHEDULES AND SUMMARIES**

7        The parties expect numerous exhibits at trial which have been memorialized in the parties'

8  Exhibit C and Exhibit D to the Joint Pretrial Conference Statement and are thus incorporated

9  herein.

10       **Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed**

11  **alphabetically.**  The parties shall use the standard exhibit stickers provided by the Court Clerk's

12  Office:  pink for Plaintiff and blue for Defendant.  After three letters, note the number of letters in

13  parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial.  All multi-page exhibits shall

14  be fastened together and each page within the exhibit shall be numbered.  All photographs shall

15  be marked individually.  The list of exhibits shall not include excerpts of depositions which may

16  be used to impeach witnesses.

17       Each party may use an exhibit designated by the other.  In the event that Plaintiff and

18  Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation

19  the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that

20  all concerned will not be confused by one exhibit being identified with both a number and a letter.

21       A.       The Court will not permit introduction of other exhibits unless: (1) the party

22  proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which

23  could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was

24  discovered after the Pretrial Scheduling Conference and the proffering party makes the showing

25  required in paragraph "B" below.

26       B.       Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform

27  the Court and opposing counsel of the existence of such exhibits so that the Court may consider at

28  trial their admissibility. The exhibits will not be received unless the proffering party

demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

C.      As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than two weeks before trial.**

D.      The attorney or representative for each party is directed to present one copy of the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., two weeks before trial**, or at such earlier time as may be ordered by the Court.  The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

E.      It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

**VIII.   DISCOVERY DOCUMENTS**

A.      Lodging Deposition Transcripts and Video Files

It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court one week prior to trial**.**  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B.      Use of Depositions

The parties are ordered to file with the Court and exchange between themselves **no later than two weeks before trial** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C.      Interrogatories and Admissions

The parties submitted Exhibit E to the pretrial statement which identifies the portions of

8

1    Answers to Interrogatories and Admissions that the respective parties intend to offer or read into

2    evidence at the trial (except portions to be used only for impeachment or rebuttal).

3    **IX.    FURTHER DISCOVERY OR MOTIONS**

4            Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was

5    to have been conducted so as to be completed as of the date of the Final Pretrial Conference.

6    That Order is confirmed.  The parties are free to engage in informal agreements regarding

7    discovery and law and motion matters.  However, any such agreements will not be enforceable in

8    this Court.

9    **X.    MOTIONS IN LIMINE**

10           The parties' motions in limine are due no later than 5 p.m. on August 28, 2017.

11   Responses are due no later than 5 p.m. on September 4, 2017.

12   **XI.    AGREED STATEMENTS - JOINT STATEMENT OF CASE**

13           It is mandatory the parties shall file a short, jointly-prepared statement concerning the

14   nature of this case that will be read to the jury at the commencement of trial (NO EXCEPTIONS).

15   The parties proposed the following joint statement of the case in their pretrial statement.

16           This case arises out of the fatal shooting of Johnathan Rose by Sacramento County

17   Deputy Sheriff David McEntire, on January 17, 2012.  Plaintiffs are Johnathan Rose's parents,

18   Ted and Karen Rose.  Defendants are Sheriff's Deputy David McEntire and the County of

19   Sacramento.  Plaintiffs contend that Deputy McEntire used excessive and unreasonable force

20   when he struck Johnathan Rose with a police flashlight and when he shot Johnathan Rose three

21   times.  Plaintiffs are seeking damages arising out of the death of their son.  Defendants contend

22   that Deputy McEntire's use of force was reasonable under the circumstances and deny all liability

23   and dispute the nature and extent of damages.

24   **XII.    PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM**

              A.    Jury instructions

25           Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury

26   instructions. Counsel shall use the Ninth Circuit Model Jury Instructions and any revisions.

27   Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is

28

1  unavailable.  All instructions shall be, to the extent possible, concise, understandable, and free

2  from argument.  *See* Local Rule 163(c).  **Parties shall also note that any modifications of**

3  **instructions from statutory authority, case law or from any form of pattern instructions**

4  **must specifically state the modification by underlining additions and bracketing deletions.**

5  Pursuant to Local Rule 163, jury instructions shall be filed with the Court **on or before the first**

6  **day of trial**.

7       B.    Verdict Form

8       The parties must file a joint verdict form(s) concurrently with proposed jury instructions

9  **on or before the first day of trial**.  If necessary, a special verdict or interrogatories shall be

10  included for all factual disputes submitted to the jury that must be resolved before questions of

11  law can be decided, and for any other issue on which specific responses are desired.  *See* Local

12  Rule 163(e).

13       C.    Voir Dire

14       The parties shall submit proposed voir dire questions to the Court.  The Court reserves the

15  right to conduct all examination of prospective jurors.  Pursuant to Local Rule 162.1, the voir dire

16  questions shall be filed with the Court **one week before trial**.

17  **XIII.  AUDIO/VISUAL EQUIPMENT**

18       The parties are required to file electronically a joint request to the Courtroom Deputy

19  Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange

20  for orientation on the Court's mobile audio/visual equipment for presentation of evidence.  There

21  will be one date and time for such orientation.

22  **XIV.  DATE AND LENGTH OF TRIAL**

23       Trial is scheduled for **Monday, September 18, 2017**.  The estimated length of trial is

24  approximately five to six (5-6) days.  Counsel are to email Michele Krueger, Courtroom Deputy

25  Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 by **August 29, 2017,** to ascertain the

26  status of the trial date.

27  **XV.  MISCELLANEOUS MATTERS**

28       The parties agree that the County is not a proper defendant to Plaintiffs' second cause of

1    action for loss of familial relationship.  The Court agrees.  The County is hereby DISMISSED as

2    to Plaintiffs' second cause of action.

3    **XVI.    OBJECTIONS TO PRETRIAL ORDER**

4           Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to

5    object to any part of the order or to request augmentation to it.  A Final Pretrial Order will be

6    modified only upon a showing of manifest injustice.  If no objection or modifications are made,

7    this Order will become final without further order of the Court and shall control the subsequent

8    course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

9           **IT IS SO ORDERED.**

10

11   Dated: July 19, 2017

12

13   _____

14                                 Troy L. Nunley
                                   United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28