UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOHNATHAN ROSE, deceased by and through his parents, THEODORE ROSE JR. and KAREN ROSE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, and Sacramento County Sheriff's Department Deputy DAVID MCENTIRE,<br><br>Defendants. | No. 2:13-cv-01339-TLN-EFB<br><br>**ORDER TO ENTER JUDGMENT** |

This case involves a wrongful death claim and alleged use of excessive force resulting in the death of Johnathan Rose. A trial on the merits of the complaint filed by Plaintiffs Estate of Johnathan Rose, by and through his parents Theodore Rose Jr. and Karen Rose, and Theodore Rose Jr. and Karen Rose, individually (collectively "Plaintiffs") commenced on September 18, 2017. (ECF No. 125.) During Plaintiffs' case in chief, Plaintiff Theodore Rose Jr. passed prior to testifying. (ECF No. 127.)

On September 20, 2017, the Court and the parties discussed the proceedings in light of Plaintiff's passing. Both Plaintiffs and Defendants expressed a desire to continue with the trial and take the necessary steps to substitute Theodore Rose Jr.'s successors in interest in his place.

The Court sought declarations from the successors in interest which were filed on September 27, 2017. (*See* ECF Nos. 138, 139 & 140.) The successors in interest consist of Karen Rose, decedent's wife, Theodore Rose III and Tiffany Rose, decedent's two surviving children. The declarations notified the Court that no other people had an interest in the decedent's estate and that no ongoing probate action was pending in relation to his death. (*See* ECF Nos. 138, 139 & 140.)

The Court ordered Plaintiffs to produce a death certificate in connection with the death and informed the parties that it would not substitute the successors in interest without said certificate. In doing so, the Court noted it was following the requirements of California Code of Civil Procedure 377.32 as to what information is required to substitute a successor in interest. Federal Rule of Civil Procedure 25 permits substitution of party upon death, but does not clearly indicate what information must be presented to the Court to make such a substitution. Both parties acknowledged the need for a death certificate and Plaintiffs immediately began the process of obtaining one.

The parties expressed an interest in proceeding with the trial while Plaintiffs worked to obtain the necessary documents. Plaintiffs explained they did not wish to drag the matter out any further. On the other hand, Defendants expressed a desire to try all of the Plaintiffs' claims in one proceeding in order to prevent a potential second bite at the apple if the trial proceeded without decedent's claims. Defendants' concern was that such claims might be permitted to move forward at a later date, thus Defendants chose to proceed with the trial. After a full discussion with the parties, the Court granted the parties request to proceed with the trial.

At the close of the trial and prior to closing arguments, Plaintiffs had been unable to submit a notice of death with the death certificate attached. The Court informed the parties that it would be unable to enter a judgment in the case without the appropriate substitution of parties. During a full discussion with the parties, Defendants again expressed a desire to proceed and allow the matter to go to the jury. During this discussion, defense counsel expressed uncertainty as to whether Theodore Rose Jr. could recover any damages after his death, thus extinguishing his claims. However, counsel did not make any motion or oppose the substitution of the successors

in interest upon the Court's receipt of the notice of death and death certificate.

The jury was instructed on September 27, 2017. (ECF No. 141.) The Court included two instructions to explain to the jury the effect of Plaintiff's death on the case. (See ECF No. 144.) The Court instructed the jury that Plaintiff's death should not be considered when reaching a verdict and that his successors in interest had been substituted for Plaintiff. (ECF No. 144 at 9, 16.) Neither party objected to the inclusion of these instructions. The case was then sent to the jury.

The jury returned a verdict finding Defendants liable under the Fourth Amendment and California's Wrongful Death statute and awarding Plaintiffs damages in a total amount of 6.5 million dollars. (ECF No. 146.) After dismissing the jury, the Court reiterated on the record the need for the notice of death and death certificate. The Court noted that Federal Rule of Civil 58 procedure required the clerk to promptly issue judgment upon the jury verdict. Fed. R. Civ. P. 58(b). However, the Court found Rule 58(b) afforded the Court a small amount of discretion, in its inclusion of the words "unless the court orders otherwise." The Court noted that the timing of the death, the posture of the case, and desires of the parties were such that it believed justice required withholding judgment until Plaintiffs were permitted time to file the notice of death and receive a death certificate. Accordingly, the Court ordered on the record that the judgment be held in abeyance until Plaintiffs filed the documents.

Plaintiffs received a copy of the death certificate on September 29, 2017, and promptly submitted it to the Court along with the Notice of Death of Plaintiff Theodore Milton Rose Jr. (ECF No. 148.) Upon motion of Plaintiffs, the Court substituted the successors in interest for Theodore Rose Jr., *nunc pro tunc*. (ECF No. 149.) The Court finds the issues relevant to entering judgment have been resolved. Accordingly, the Court hereby directs the Clerk of Court to enter judgment in this matter in accordance with the jury verdict (ECF No. 146) and the substitution order (ECF No. 149).

IT IS SO ORDERED.

Dated: October 5, 2017

Troy L. Nunley
United States District Judge

3